**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE: RITA C. CALLAHAN** **CHAPTER 7**

**Debtor** **BK. NO. 06-11507**

## JOINT PRETRIAL ORDER

This matter is before the Court on the objection to exemption filed by the Cadle Company. The parties submit the following Joint Pretrial Order pursuant to RI FBR 9014(c).

**I. The following facts are admitted and require no proof:**

1. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §157(b).

2. The Debtor filed a Chapter 7 Petition for bankruptcy on December 19, 2006.

3. In January, 1995, an entity identified as Commercial Financial /SPC Acquisitions, Inc. filed a complaint against the debtor in the Rhode Island Superior Court (Case No. 95-0056). Attorney Gini Spaziano, who was employed by the law firm of Morneau & Murphy, represented Commercial Financial /SPC Acquisitions.

4. On October 2, 1996, the Superior Court entered an order granting a motion for summary judgment in favor of Commercial Financial /SPC Acquisitions, Inc. in the Superior Court action. A copy of the order is attached as Exhibit A.

5. On October 2, 1996, the Superior Court entered a judgment for Commercial Financial /SPC Acquisitions, Inc. in the amount of $450,904.18. A copy of the judgment is attached as Exhibit B.

6. On January 27, 1997, the Superior Court entered an order granting the motion of Commercial Financial /SPC Acquisitions, Inc. to charge garnishee. Attached as Exhibit C is a copy of that order. That order directed payments to be forwarded to Gini Spaziano, Esquire, Morneau & Murphy, 38 North Court Street, Providence, Rhode Island.

7. Pursuant to the January 27, 1997 order (Exhibit "C"), the debtor's employer, E.S. Products, turned over to Gini Spaziano, Esquire of Morneau & Murphy certain monies withheld from the Debtor's wages.

8. Sometime thereafter, between January 27, 1997 and December 11, 1998, attorney Gini Spaziano left the law firm of Morneau & Murphy.

9. On December 11, 1998, Commercial Financial Services, Inc. filed a Chapter 11 petition for relief in the United States Bankruptcy Court for the Northern District of Oklahoma (Tulsa) Case No. 98-05162-R.

10. On or about November 12, 1999, T.A.P.R. III LIMITED PARTNERSHIP COMMERCIAL FINANCIAL/SPC ACQUISITIONS, INC. AS GENERAL PARTNER, executed an "Assignment of Order" purporting to transfer, assign and convey, "without recourse" unto THE CADLE COMPANY, an Ohio Corporation, ("Cadle") all of its right, title, interest, powers and option in, to and under a certain Order entered on October 2, 1996 and rendered against Defendant Rita C. Callahan in the amount of $45,324.20, plus interest and costs more fully described on the attached exhibit." A true and accurate copy of the "Assignment of Order"_is attached hereto and made apart hereof as Exhibit ""D"(the "Assignment of Order").

11. The Assignment of Order purports to assign only a portion of the Judgment and is signed November 12, 1999, but recites that it is effective as of July 27, 1999.

12. The law firm of Morneau and Murphy stopped cashing the checks being sent to it by the debtor's employer E.S. Products. Checks sent to the Office of Morneau & Murphy from March 2000 through March 2001 were never cashed.

13 After Morneau & Murphy stopped cashing the checks being sent to it, the debtor's employer, E.S. Products established an escrow account at Citizens Bank, and deposited therein all withheld funds from the debtor's wages. E.S. Products continued to garnish the debtor's wages.

14. In February, 2006 Cadle filed a Motion to attach the debtor's wages in the

Providence Superior Court action (Case No. 95-0056).

15. On November 9, 2006, Cadle filed a Motion to Charge garnishee in the Superior Court case. The motion was scheduled for hearing on January 8, 2007. The bankruptcy filing stopped Cadle's motion to charge garnishee.

16. At the time of the bankruptcy filing, the Debtor's employer E. S. Products was holding the sum of $52,883.80 in the Citizens Bank escrow account. The funds on deposit with ES Products represent funds previously forwarded to the office of Morneau and Murphy between March 2000 and March 2001 which were not cashed as well as funds garnished from the Debtor's pay from April 2001 through the date of the bankruptcy filing.

17. The Debtor claimed a partial exemption in the escrow funds pursuant to 11 U.S.C. §522(d)(5) in the amount of $3,925.00.

18. Cadle objected to the debtor's exemption and claims that the escrow funds are not property of the bankruptcy estate. Cadle claims that it owns the escrow funds.

**II. The following issues of fact and law remain to be litigated:**

1. Whether a valid charging order existed as of the bankruptcy filing date, and, if so, whether the Cadle Company is the holder of any such order.

2. Whether T.A.P.R. III Limited Partnership Commercial Financial/SPC Acquisitions, Inc. is the holder of the Superior Court judgment against the debtor.

3. Whether T.A.P.R. III Limited Partnership Commercial Financial/SPC Acquisitions, Inc as General Treasurer had authority to execute the Assignment due to the Chapter 11 filing on December 11, 1998.

4. Whether the assignment is valid and/or effective, and if so, what effect the assignment had, if any, on the Superior Court January 1997 garnishment order.

5. What effect, if any, did any of the Superior Court orders have on the escrow account.

6. Whether Cadle's filing of its own motion to attach debtor's wages in February, 2006 and its filing of its own motion to charge garnishee in November 2006 were admissions and/or waivers.

7. Whether the escrow account is an asset of the debtor's bankruptcy estate under 11 U.S.C. §541, and if so, whether the debtor has a valid exemption therein as claimed under 11 U.S.C. §522(d)(5) on her schedule C.

8. The effect of R.I. Gen Laws §10-17-7 on the orders and actions of the Superior Court and the effect of said statute on the rights, if any, of The Cadle Company.

"Courts and Civil Procedure--Procedure in Particular Actions
Trustee Process"

§ **10-17-7**. Amount with which trustee charged--Action against trustee

If the accounts filed by any trustee in accordance with § 10-17-2 shall disclose that the trustee is holding any wages or personal estate of the defendant, then the trustee shall be charged to the amount disclosed, if less than the judgment or decree, otherwise to the amount of the judgment or decree. At the discretion of the court, an order may be entered allowing a partial charge of those funds. However, no such order shall be entered in the same case more than once in a three (3) month period of time. The plaintiff, after having recovered judgment or decree against the defendant, may bring his or her action against the trustee to recover the amount for which he or she is charged, with interest and costs.

**III. The following is a list of proposed witness.**

None.

**IV. The following is a list of Exhibits:**

1. October 2, 1996 Superior Court order granting motion for summary judgment.
2. October 2, 1996 Superior Court Judgment.
3. January 27, 1997 Order granting Motion to Charge Garnishee.
4. Assignment of Order dated November 12, 1999.
5. Copy of Citizens Bank account statement showing establishment of escrow account.
5. Cadle's February 2006 Motion to Attach
6. Cadle's November 9, 2006 Motion to Charge Garnishee.

**V.** This is not a relief from stay matter.

**VI.** Discovery was not applicable.

**VII.** The parties do not believe that referring this matter to a settlement judge for a settlement conference would be beneficial.

**VIII.** The parties are ready for a hearing on the merits. The parties expect the hearing to last an hour.

Respectfully submitted,

March 12, 2007

/s/ Stacy B. Ferrara
STACY B. FERRARA, TRUSTEE,
505 Tiogue Avenue, Suite B
Coventry, RI 02903
Tel.: (401) 823-7991
Fax: (401) 823-4040

The Debtor, Rita Callahan, by her attorney,

March 12, 2007

/s/Charles A. Pisaturo, Jr.
CHARLES A. PISATURO, JR. (REG. NO. 4615)
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL: (401) 274-3800
FAX: (401) 751-6786

The Cadle Company, By Its Attorneys,

March 12, 2007

/s/ William J. Delaney
William J. Delaney, Esq. (REG #3643)
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903
wdelaney@tlslaw.com