UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: RITA C. CALLAHAN

Debtor

Chapter 7
BK No. 06-11507

**DEBTOR'S RESPONSE TO OBJECTION TO DEBTOR'S EXEMPTION FILED BY THE CADLE COMPANY**

The debtor hereby responds to the Objection to Debtor's Exemption filed by The Cadle Company[1].

1. The debtor filed a chapter 7 bankruptcy petition on December 19, 2006. The debtor described on Schedule B an asset of her bankruptcy estate as "claim to escrow account held by employer E.S. Products (subject to) and set aside relative to a disputed wage attachment". The debtor valued the escrow account at $50,000.

2. The debtor claimed a partial exemption in the escrow account under 11 U.S.C. §522(d)(5) in the amount of $3,925 (i.e., the unused amount of her so called "wild card" exemption).

3. The Cadle Company (hereinafter "Cadle") alleges that the escrow account in question was the subject of an order charging the garnishee (Ms. Callahan's employer, E.S. Products) entered by the Providence County Superior Court on January 27, 1997 (the "Charging Order") in favor of the alleged predecessor in interest to Cadle. Cadle, therefore, alleges that the Charging Order divests the debtor from any interest in the account. Therefore, Cadle says, the funds do not constitute an asset of the

---

[1] Although the objection states that it is filed by the Cadle Company, the objection is signed by "C & W Acquisition, LLC".

bankruptcy estate.

4. For the following reasons, the debtor submits that the escrow account is an asset her bankruptcy estate under 11 U.S.C. §541, and is subject to an exemption under 11 U.S.C. §522.

A. On information and belief, Cadle claims to be the successor in interest to "Commercial Financial/SPC Acquisitions, Inc." (hereinafter, "Commercial Financial"). However, the objection to the debtor's exemption is signed by "C & W Acquisition, L.L.C." The debtor is unsure as to the identity of the party claiming ownership/title of the claim against her and suggests that the objecting party has the burden to show the validity of its ownership. In other words, a clear chain of title as to the holder of the interest claimed to be held by Cadle has not been shown. Therefore, Cadle may not have valid standing.

B. Commercial Financial sued the debtor in Providence Superior Court (case no. 95-0056). The Providence Superior Court entered an order on October 2, 1996 granting Commercial Financial's motion for summary judgment against the debtor in the amount of $450,904.18 (copy attached). The summary judgment *order* and the separate *judgment* are in favor of *Commercial Financial*.

C. Thereafter, on January 27, 1997, the Superior Court entered an order in favor of Commercial Financial granting its motion to charge garnishee. In accordance with that order, the garnishee, the debtor's employer, E.S. Products, paid over to then counsel

for Commercial Financial certain monies it had withheld from the debtor's wages.

D. Sometime thereafter, Commercial Financial and/or its attorneys ceased cashing the checks being sent to it by the garnishee, E.S. Products. Consequently, although E.S. Products continued with the garnishment, it set aside the funds in a separate escrow account.

E. On December 11, 1998, Commercial Financial Services filed a chapter 11 petition for relief in the United States Bankruptcy Court for the Northern District of Oklahoma (Tulsa) (Case No. 98-05162-R).

F. On information and belief, the Commercial Financial that sued the debtor is one and the same as Commercial Financial Services, Inc., the chapter 11 DIP in the Oklahoma bankruptcy case, or is otherwise a wholly owned subsidiary of the Oklahoma DIP. There is no evidence presented that Commercial Financial had any authority, as a DIP in an Oklahoma bankruptcy case, to assign any rights to Cadle.

G. On or about November 12, 1999, Commercial Financial purportedly assigned its rights, title and interest under the October 2, 1996 Superior Court ***order*** to Cadle *but only to the extent of $45,324.20.* Commercial Financial somehow bifurcated[2] an order of the Superior Court, which it had no authority or right to do. Therefore, the

---

[2] Recall, the October 2, 1996 order granted Commercial Financial summary judgment in the amount of $450,904.18.

assignment is invalid and defective, or at least its validity is questionable. Moreover, the assignment does not assign the ***judgment*** or any garnishment order. The garnishment order is in favor of Commercial Financial, and is very specific as to the garnishee's responsibilities. The order only required the garnishee to send withheld funds to counsel for Commercial Financial, the law firm of Morneau & Murphy and in particular, to be addressed to attorney Gini Spaziano, an associate at that time at that firm. The garnishee did exactly what the order directed, until attorney Spaziano left the law firm and the law firm directed the garnishee not to send it the funds.

Therefore, the 1997 charging order expired by its terms, does not favor Cadle and/or is otherwise defective. The assignment does not give Cadle any rights to the funds.

H. Cadle has implicitly acknowledged that the 1997 garnishment order was problematic or it otherwise acknowledged that the 1997 garnishment order was not in favor of Cadle and that a new garnishment order was necessary, because Cadle filed its own motion to charge the garnishee on November 9, 2006 (copy attached) wherein Cadle sought a garnishment order against the escrow account in question. Cadle's Motion to Charge Garnishee was scheduled for hearing in the Providence Superior Court on January 8, 2007. The debtor's bankruptcy filing stopped that action from proceeding.

Therefore, Cadle sought, but did not obtain a Charging Order.

I. Consequently, under this Court's holding in the case of In Re: Mason, 153 B.R. 8 (Bankr. R.I. 1993) the funds being held in the escrow account belong to the debtor's bankruptcy estate, and therefore should be turned over to the chapter 7 trustee for the purposes of administration (subject to the debtor's allowable exemption).

WHEREFORE, for the foregoing reasons, the debtor objects to the Objection to the Debtor's Exemption filed by The Cadle Company, respectfully requests that said objection be overruled, and for such other and further relief as is just.

Rita C. Callahan, Debtor
By And Through Her Attorney,

January 22, 2007

/s/Charles A. Pisaturo, Jr.
CHARLES A. PISATURO, JR. (REG. NO. 4615)
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL: (401) 274-3800
FAX: (401) 751-6786

**CERTIFICATE OF SERVICE**

Leonard J. DePasquale, Esq. (ECF)
Assistant United States Trustee
United States Trustee's Office
10 Dorrance Street, Suite 910
Providence, RI 02903
leonard.j.depasquale@usdoj.gov

Stacy B. Ferrara, Esq. (ECF)

Law Offices of Stacy Bettez Ferrara, P.C.
505 Tiogue Avenue, Suite B
Coventry, RI 02816
stacyferrara@earthlink.net

William J. Delaney, Esq. (ECF)
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903
wdelaney@tlslaw.com

Cadles of Grassy Meadows II, LLC
100 North Center Street
Newton, OH 44444

I hereby certify that on the 22ND day of January, 2007, I served by electronic filing (ECF), or by first-class mail, postage pre-paid, a true copy of the within DEBTOR'S RESPONSE TO OBJECTION TO DEBTOR'S EXEMPTION BY THE CADLE COMPANY to the above named.

/s/Patrice A. Moone
Patrice A. Moone

c:\clients\callahan rita c\pleadings\deb res to obj to deb exemp 1-16-07.wpd