UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

The Cadle Company

Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)

Appellees

BRIEF OF APPELLEES

TABLE OF CONTENTS:


| | | |
|---|---|---|
| Table of Authorities | p. | 2 |
| Jurisdiction | p. | 2-3 |
| Subject Matter Jurisdiction | p. | 3 |
| Appeal Jurisdiction | p. | 3-4 |
| Timeliness of Appeal | p. | 4 |
| Final Order Assertion | p. | 5 |
| Applicable Standard of Review | p. | 5 |
| Statement of Issues Presented for Review | p. | 5-6 |
| Statement of the Case | p. | 6 |
| Statement of the Facts | p. | 7-10 |
| Summary of Argument | p. | 11 |
| Argument | p. | 11-21 |
| Conclusion | p. | 21 |
| Certificate of Compliance | P. | 22 |

<u>TABLE OF AUTHORITIES</u>:


*Berkowitz v. Haigood*, 256 N.J. Super. 342, 606 A.2d 1157, 1159 (N.J. Super. L. 1992) - p. 13

*Flanders & Medeiros, Inc. v. Elizabeth v. Bogosian* , 868 F.Supp 412, 420 (1994) - p. 13

*Herzog v. Irace*, 594 A.2d 1106, 1108 (Me 1991) - p. 13.

*In re Apex Oil Co.*, 975 F.2d 1365, 1369 (8th Cir 1992) - p. 13

*In re Duback*, 330 B.R. 337, 339 (Bankr. D.R.I. 2005) - p. 14

*In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir.1992) - p. 5

*In re Mason* 153 B.R. 8 (Bankr. D.R.I. 1993) - pp. 18, 19

*In re Nunally*, 103 B.R. 376 (Bankr. D.R.I. 1989) - pp. 18, 19

*In re Singleton*, 284 B.R. 322, 323 (D.R.I.,2002) - p. 5

*Rathbone v. Ward*, 268 Ga.App. 822,603 S.E. 2d 20 (2004) - p. *15*

*Sturbridge Home Builders, Inc. As nominee of Seaport Home Builders, Inc. v. Downing Seaport, Inc., et al.* 890 A.2d 58, 65 (R.I. 2005) - p. 17

*United Food & Commercial Workers Union v. Almac's*, 90 F.3d 1, 3 (1st Cir.1996) - p. 5

28 U.S.C. § 158(a)(1) - p. 3

11 U.S.C.§522(d) - p. 4

11 U.S.C.§547 - pp. 6, 11, 20

11 U.S.C.§507- p. 20

11 U.S.C. §541 - pp. 6, 11

11 U.S.C. §522(d)(5) - pp. 6, 10, 20.

11 U.S.C.§1107(a) - p. 12

11 U.S.C. §1108- p. 12

11 U.S.C. §363- p. 12

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES


| | |
|---|---|
| 11 U.S.C. §522(f)- | pp. 6, 20, 21 |
| Fed. R. Bankr.P. 8013- | p. 5 |
| *R.I. Gen. Laws* §10-17-7 - | p. 16 |
| *Restatement Second of Judgments* §18 1982 - | p. 14 |
| *Am Jur.2d* §459- | p 14. |
| *Am Jur. 2d Judgments* §435- | p. 15 |


JURISDICTION:

Subject Matter Jurisdiction:

The subject matter of this appeal originates from Appellee/Rita Callahan's Chapter 7 bankruptcy case (BK No. 06-11507) filed in the United States Bankruptcy Court for the District of Rhode Island. Hereinafter, Appellee, Rita Callahan, will be referred to as "Appellee/Debtor" and Stacy B. Ferrara, Chapter 7 Trustee for the estate of Rita Callahan shall be referred to as "Appellee/Trustee." The subject matter concerns issues of federal law, that is, Title 11 of the United States Code (the "Bankruptcy Code"). The District Court has original and exclusive jurisdiction of all cases under Title 11, 28 U.S.C. §1334(a).

Appeal Jurisdiction:

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

The District Courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of Title 28. 28 U.S.C. §158(a)(1). This appeal is from a final order of the United States Bankruptcy Court for the District of Rhode Island entered on May 30, 2007, denying Appellant, the Cadle Company's objection to the Appellee/Debtor's exemptions.

Timeliness of Appeal:

On December 19, 2006, Rita Callahan, the Appellant/Debtor filed a chapter 7 bankruptcy petition and accompanying schedules in the United States Bankruptcy Court for the District of Rhode Island. The Bankruptcy Court appointed Stacy B. Ferrara as chapter 7 trustee of Rita Callahan's bankruptcy case. Along with her bankruptcy petition, Appellee/Debtor filed a schedule of exemptions under 11 U.S.C.§522(d). On January 10, 2007, the Appellee/Trustee convened and held a meeting of creditors in accordance with 11 U.S.C. §341. On January 22, 2007, within 30 days of the meeting of creditors, Appellant filed a timely objection to Appellee/Debtor's exemption of certain funds being held on deposit by her employer. On May 30, 2007, the Bankruptcy Court entered an order denying Appellant's objection to Appellee/Debtor's exemption. On June 1, 2007, Appellant filed a Notice of Appeal and an election to opt out of the Bankruptcy Appellate Panel and requested that this Court hear the

appeal.[1] The Appellees do not dispute the timeliness of the appeal.

Final Order Assertion:

This appeal is from a final order of the Bankruptcy Court, entered on May 30, 2007 that disposes of the claims of the Appellant and the Appellees.

APPLICABLE STANDARD OF REVIEW:

In reviewing appeals from bankruptcy court decisions, this Court employs the "standards of review normally employed in direct appeals to the courts of appeals in civil cases generally." *In re Singleton*, 284 B.R. 322, 323 (D.R.I.,2002) (citing, *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir.1992); see also 28 U.S.C. § 158(c)(2)). This Court accepts all bankruptcy findings of fact unless they are "clearly erroneous" but reviews rulings of law *de novo*. Id., *citing, In re LaRoche*, 969 F.2d at 1301; accord, *United Food & Commercial Workers Union v. Almac's*, 90 F.3d 1, 3 (1st Cir.1996); see also Fed. R. Bankr.P. 8013.

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW:

1. Whether the Bankruptcy Court erred in denying Appellant's Objection to the Appellee/Debtor's Exemption.

2. Whether the Rhode Island Superior Court "Charging Order" upon which Appellant

---

[1] On June 4, 2007 the Bankruptcy Court entered a judgment order regarding the order denying the Cadle Company's objection to the exemption. Bankruptcy Court docket no. 62.

relies is invalid and/or defective.

3. Whether Commercial Financial/SPC Acquisitions, Inc. had authority as a Chapter 11 debtor in possession to transfer any part of the October 2, 1996 Rhode Island Superior Court order.

4. Whether Commercial Financial/SPC Acquisitions, Inc.'s Assignment of Order upon which Appellant relies is invalid and/or defective.

5. Whether Appellant holds a valid lien or attachment against the Escrow funds established by the Appellee/Debtor's employer, E.S. Products.

6. Whether any garnishment of the Appellee/Debtor's wages within ninety (90) days of her bankruptcy filing constitute an avoidable preferential transfer pursuant to 11 U.S.C. §547.

7. If Appellant holds a valid lien or attachment, whether any such lien or attachment is avoidable pursuant to 11 U.S.C. §522(f) to the extent of the Appelle/Debtor's exemption claim.

STATEMENT OF THE CASE:

This is a contested matter over the rights to certain funds being held by Appellee, Stacy B. Ferrara, the chapter 7 trustee. The Trustee is holding a total of $55,094.78, plus interest, on deposit (the "Funds"), $52,930.86 of the Funds was turned over to the Appellee/Trustee by Appellee/Debtor's employer, E.S. Products (hereinafter the "Escrow"), and $2,163.92 was turned over by the law firm of Morneau & Murphy. Appellee/Debtor claimed an exemption of

$3,925.00 in the Funds pursuant to 11 U.S.C. §522(d)(5). Appellant objected to the Appellee/Debtor's exemption. Appellant contends that the Funds were subject to a January 27, 1997 Rhode Island Superior Court "charging order", and that therefore, the Funds are not property of the bankruptcy estate pursuant to 11 U.S.C. §541. The Appellee/ Trustee filed a limited objection to the Appellee/Debtor's exemption asserting only that the Funds *do* constitute property of the bankruptcy estate. Appellee/Trustee does not object to Appellee/Debtor's claimed partial exemption of the Funds.

The parties briefed the issues before the United States Bankruptcy Court for the District of Rhode Island after filing a Joint Pre-Trial Order stipulating to all of the pertinent facts and issues of law. On May 30, 2007, the Bankruptcy Court entered an order denying Appellant's objection to the Appellee/Debtor's claim of exemptions, and sustaining the Appellee/Trustee's limited objection to the Appellee/Debtor's claimed exemptions finding that the Funds constitute property of the bankruptcy estate. The Bankruptcy Court adopted and incorporated by reference the Appellees' (Rita Callahan's and the Chapter 7 Trustee's) Joint Memorandum of Law. The Appellant appealed the Order to this Court on June 1, 2007. Judgement entered on June 4, 2007.

STATEMENT OF THE FACTS:

1. The Appellee/Debtor filed a Chapter 7 Petition for bankruptcy on December 19, 2006. See: Joint Pre-Trial Order (hereinafter "JPTO") ¶ 2.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

2. In January, 1995, an entity identified as "Commercial Financial /SPC Acquisitions, Inc." filed a complaint against the debtor in the Rhode Island Superior Court (Case No. 95-0056). Attorney Gini Spaziano, who was employed by the law firm of Morneau & Murphy, represented Commercial Financial /SPC Acquisitions. See: JPTO ¶ 3.

3. On October 2, 1996, the Superior Court entered an order granting a motion for summary judgment in favor of Commercial Financial /SPC Acquisitions, Inc. in the Superior Court action. See: JPTO ¶4 and Exhibit 1.

4. On October 2, 1996, the Superior Court entered judgment for Commercial Financial /SPC Acquisitions, Inc. in the amount of $450,904.18. See: JPTO ¶5 and Exhibit 2.

5. On January 27, 1997, the Superior Court entered an order granting the motion of Commercial Financial /SPC Acquisitions, Inc. to charge garnishee. That order required the garnishee to forward all future sums collected on a monthly basis to "Gini Spaziano, Esquire, Morneau & Murphy, 38 North Court Street, Providence, Rhode Island". See: JPTO ¶6 and Exhibit 3.

7. Pursuant to the January 27, 1997 order (JPTO Exhibit 3), the Appellee/Debtor's employer, E.S. Products (the garnishee) turned over to attorney Gini Spaziano of Morneau & Murphy monies withheld from the Appellee/Debtor's wages. See: JPTO ¶7.

8. Sometime thereafter, between January 27, 1997 and December 11, 1998, attorney

Gini Spaziano left the law firm of Morneau & Murphy. See: JPTO ¶ 8.

9. On December 11, 1998, Commercial Financial Services, Inc. filed a Chapter 11 petition for relief in the United States Bankruptcy Court for the Northern District of Oklahoma (Tulsa), Case No. 98-05162-R. See: JPTO ¶9.

10. On or about November 12, 1999, an entity identified as "T.A.P.R. III LIMITED PARTNERSHIP" executed an "Assignment of Order" purporting to transfer, assign and convey, "without recourse" unto THE CADLE COMPANY, an Ohio corporation, all of its right, title, interest, powers and option in, to and under a certain Order entered on October 2, 1996 and rendered against Defendant Rita C. Callahan in the amount of $45,324.20, plus interest and costs more fully described on the attached exhibit." See: JPTO Exhibit 4 (the "Assignment of Order"). The Assignment of Order was executed by "COMMERCIAL FINANCIAL/SPC ACQUISITIONS, INC. AS GENERAL PARTNER". See: JPTO ¶10.

11. The Assignment of Order purports to assign, *not the judgment*, but all "right, title, interest, powers and options in, to and under a certain Order entered on October 2, 1996...in the amount of $45,324.20. See Exhibit 4 JPTO. The Assignment of Order is signed November 12, 1999, but recites that it is effective as of July 27, 1999. See: JPTO ¶11.

12. The law firm of Morneau and Murphy stopped cashing the checks being sent to it by the Appellee/Debtor's employer E.S. Products. Checks sent to the Office of Morneau &

Murphy from March 2000 through March 2001 were never cashed. See: JPTO ¶12.

13. After Morneau & Murphy stopped cashing the checks being sent to it, the debtor's employer, E.S. Products established an escrow account at Citizens Bank, and deposited therein all withheld funds from the Appellee/Debtor's wages. See JPTO ¶16. E.S. Products continued to garnish the Appellee/Debtor's wages. See: JPTO ¶13 and Exhibit 5.

14. In February, 2006 Appellant filed a motion to attach the Appellee/Debtor's wages in the Providence Superior Court action (Case No. 95-0056). See JPTO ¶14 and Exhibit 6.

15. On November 9, 2006, Appellant filed a Motion to Charge Garnishee in the Superior Court action (Case No. 95-0056). The motion was scheduled for hearing on January 8, 2007. The bankruptcy filing (the order for relief) automatically stopped Appellant's November, 2006 motion to charge garnishee. See: JPTO ¶15.

16. At the time of the bankruptcy filing, the Appellee/Debtor's employer E. S. Products was holding the sum of $52,883.80 in the Citizens Bank escrow account. The funds on deposit with ES Products represent funds previously forwarded to the office of Morneau and Murphy between March 2000 and March 2001 which were not cashed as well as funds garnished from the Appellee/Debtor's pay from April 2001 through the date of the bankruptcy filing. See: JPTO ¶ 16.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

17. The Appellee/Debtor claimed a partial exemption of $3,925.00 in the escrow funds pursuant to 11 U.S.C. §522(d)(5). See: JPTO ¶17.

SUMMARY OF ARGUMENT:

Appellees contend that the Bankruptcy Court correctly denied the Appellant's objection to Appellee/Debtor's exemption. Appellees contend that the funds set aside by the Appellee/Debtor's employer and held in an escrow account constitute property of the Appellee/Debtor's bankruptcy estate under 11 U.S.C.§541, that Appellant is not the holder of a valid judgment, and that the funds in that account are not the subject of a valid charging order. Further, Appellees contend that the assignment of the order and/or judgment upon which Appellant relies needed the approval of the Oklahoma Bankruptcy Court, of which there is no evidence, thereby making any such assignment invalid or void. Moreover, Appellees contend that Appellant does not hold a valid and enforceable lien against the escrow account established by the Appellee/Debtor's employer. Finally, Appellees contend that any attachment by Appellant within 90 days of the bankruptcy filing constitutes an avoidable preferential transfer under 11 U.S.C. §547.

ARGUMENT:

**1.**

**The Bankruptcy Court was correct in denying the Appellant's objection to Appellee/Debtor's exemption and in finding that the escrow funds were property of the bankruptcy estate for any one of the six (6) arguments submitted by the Appellees in their**

**memorandum of law filed in the Bankruptcy Court.**

The facts are undisputed. (See: JPTO). The Bankruptcy Court correctly applied the applicable law to the admitted facts. Because the Bankruptcy Court adopted and incorporated the Appellees' memorandum of law when sustaining the Appellee's exemption, this Court must affirm the Bankruptcy Court's order denying the Appellant's objection to the exemption if Appellees prevail on any one of the six arguments set forth herein .

**2.**

**Appellant relies on a Rhode Island Superior Court Judgment originally in favor of an entity that filed a chapter 11 bankruptcy case in Oklahoma. Appellant has failed to produce adequate evidence that the assignment it received from the original owner of the judgment received necessary Bankruptcy Court approval, or otherwise that Bankruptcy Court approval was unnecessary**.

No evidence has been proffered that Commercial Financial, admittedly a chapter 11 debtor at the time it purportedly executed an assignment to Appellant, had any authority from the Oklahoma Bankruptcy Court to transfer anything. A Chapter 11 Debtor in Possession has all the rights and powers of a trustee serving in a case under Chapter 11. 11 U.S.C.§1107(a). A Debtor in Possession may operate the debtor's business under 11 U.S.C.§1108. There is no evidence that Commercial Financial's business operations including the selling of its assets. Under 11 U.S.C. §363, a sale out of the ordinary course needs bankruptcy court approval. No order approving a transfer has been proffered as evidence, nor are the trustee or the debtor aware of one. As such, Appellant has failed to meet its burden to show that the assignment is valid.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

**3.**

**Commercial Financial's "Assignment of Order", upon which Appellant relies, is invalid and/or defective.**

The Assignment of Order upon which Appellant relies fails to specifically and/or properly identify what is being assigned. The Rhode Island Supreme Court has held that an assignment is a transfer by the assignor to the assignee of all interests and rights in the assigned property. See, *Flanders & Medeiros, Inc. v. Elizabeth v. Bogosian* , 868 F.Supp 412, 420 (1994), citing *In re Apex Oil Co.*, 975 F.2d 1365, 1369 (8th Cir 1992); *Herzog v. Irace*, 594 A.2d 1106, 1108 (Me 1991). An assignment is valid if there is clear evidence of the assignor's intent to transfer her rights, and if the subject matter of the assignment is described so that it is readily identifiable. Id. citing *Berkowitz v. Haigood*, 256 N.J. Super. 342, 606 A.2d 1157, 1159 (N.J. Super. L. 1992).

In this case, the assignment purportedly assigns rights under a "certain Order entered on October 2, 1996 and rendered against Defendant Rita C. Callahan in the amount of $45,324.20..." The October 2, 1996 order (See JPTO Exhibit 1) granted Commercial Financial's motion for summary judgment and stated that judgment *would enter* on two separate note obligations, one for $45,324.20 and one for $405,579.98 (plus costs, etc.) (emphasis supplied). This order was reduced to a judgment for a total of *$450,904.18* plus attorneys fees and interest, and *not for $45,324.20*. See JPTO Exhibit 2. Therefore, the assignment improperly identifies

the order. There is no judgment for $45,324.20 that exists. The assignment fails to readily identify that which is purportedly assigned, and as such, is invalid. Commercial Financial could not have assigned something that does not exist (i.e., Commercial Financial could not somehow "bifurcate" the judgment and then assign a "piece" of it to Appellant). When a valid and final personal judgment is rendered in favor of a plaintiff... [t]he plaintiff cannot thereafter maintain an action on the original claim *or any part thereof*, although he may be able to maintain an action upon the judgment...." *In re Duback*, 330 B.R. 337, 339 (Bankr. D.R.I. 2005) (citing, *Restatement Second of Judgments* §18 1982)(emphasis supplied). Therefore, Appellant (as the alleged successor in interest to Commercial Financial) does not have the right to pursue the Appellee/Debtor on a $45,000 promissory note that merged with the October, 1996 judgment for $450,904.18.

The Judgment in question is a result of two (2) separate promissory notes executed by Appellee/Debtor in favor of Commercial Financial/SPC Acquisitions, Inc. Once the promissory notes were reduced to a single judgment, the notes were extinguished and the Appellee/Debtor then became obligated on the judgment. See *Am Jur.2d* §459. Once the judgment issued, Commercial Financial could not then somehow "bifurcate" the judgment, and then assign a "piece" of it to Appellant, particularly after a motion to attach wages had been filed and granted. If the assignment is deemed valid, then who is entitled to the funds being attached from the

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

Appellee/Debtor's pay, the alleged assignee of only a portion of the judgment, or the original holder of the whole judgment? For this reason, the assignment must be deemed invalid.

It has long been established that Judgments can be assigned. However, generally, where an assignment conveys only a portion of a debt or judgment, it is not enforceable unless the debtor or defendant has consented thereto. *Am Jur. 2d* Judgments §435, citing *Rathbone v. Ward*, 268 Ga.App. 822,603 S.E. 2d 20 (2004). In *Rathbone*, the Georgia Court reasoned that a judgment creditor should not be allowed to split a single claim into many claims thereby subjecting the debtor to a multiplicity of suits without the consent of the defendant as to do so would be prejudicial.

The assignment is executed by "T.A.P.R. Limited Partnership Commercial Financial/SPC Acquisitions, Inc. as General Partner", indicating that Commercial was signing the document on behalf of "T.A.P.R. Limited Partnership". But, T.A.P.R. Limited Partnership does not own the judgment. The judgment is in favor of Commercial Financial. There is no evidence to indicate what standing, power, authority or ownership rights, if any, that this "T.A.P.R. Limited Partnership" has or ever had regarding the judgment.[2]

---

[2] In fact, the original complaint filed against Rita Callahan in the Superior Court is captioned "Commercial Financial/SPC Acquisitions, Inc. v. Rita C. Callahan" and the complaint alleges that Commercial Financial was the original lender to Rita Callahan of the loan for which payment was sought. All of the foregoing begs the question "Who is TAPR Limited Partnership?, and What standing and/or involvement does it have in this case"? Notwithstanding the foregoing, Cadle's counsel gave the trustee and debtor's counsel approximately 4 inches of documents on or about May 2, 2007, including a "Contribution and Sale Agreement", dated May 1995, a "Trust

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

**4**.

**The Charging Order upon which Appellant relies is invalid and/or defective**.

On January 27, 1997, the Superior Court entered an Order Granting Plaintiff's Motion to Charge The Garnishee (See: JPTO Exhibit 3). That order, which was in favor of Commercial Financial *and not Cadle*, states:

> "Garnishee shall forward such sums to Gini Spaziano, Esquire, Morneau & Murphy, 38 North Court Street, Providence, RI 02903, and all future sums collected on a monthly basis to the above address".

The charging order is defective, because Rhode Island law requires a new charging order every three months. R.I. Gen. Laws §10-17-7 provides that:

> If the accounts filed by any trustee in accordance with § 10-17-2 shall disclose that the trustee is holding any wages or personal estate of the defendant, then the trustee shall be charged to the amount disclosed, if less than the judgment or decree, otherwise to the amount of the judgment or decree. At the discretion of the court, an order may be entered allowing a partial charge of those funds. ***However, no such order shall be entered in***

---

Agreement" , a "Servicing Agreement" ,and three "Amended and Restated" documents, as well as multiple exhibits, but nothing has been submitted as an exhibit to this contested matter, nor has any part of the said voluminous documents been clarified by Cadle's counsel as showing ownership.

> ***the same case more than once in a three (3) month period of time***...
>
> (emphasis supplied).

The statute seems to indicate that a charging order is only effective for three (3) months, at which time the creditor would have to return to Court for another order. Commercial Financial never returned to Court for another order. Furthermore, Appellant never obtained a charging order in its own favor.[3]

Furthermore, the Appellee/Debtor's employer did exactly what the charging order required it to do. It withheld funds from the Appellee/Debtor's pay check and then it remitted those funds on a monthly basis to the law firm of Morneau & Murphy. However, the law firm of Morneau and Murphy stopped cashing the checks being sent to it by E.S. Products, thereby impliedly waiving any further right to the attachment. (See, *Sturbridge Home Builders, Inc. As nominee of Seaport Home Builders, Inc. V. Downing Seaport, Inc., et al.* 890 A.2d 58, 65 (RI 2005) standing for the proposition that an implied waiver may arise where a person against whom the waiver is asserted has pursued such a course of conduct as to sufficiently evidence an intention to waive a right or where his conduct is inconsistent with any other intention than to waive it. Checks sent to the Office of Morneau & Murphy from March 2000 through March

---

[3] One can conclude that Cadle knew that it needed a charging order because in November of 2006, it filed its *own* Motion to Charge Garnishee (See JPTO Exhibit 7).

2001 were never cashed. (See: JPTO ¶12).

Even if the charging order were still effective today, then by its very terms it would only require the Appellee/Debtor's employer to continue to send the collected wages to Commercial Financial's then lawyer "Gini Spaziano". The order does not mention Appellant, nor does the order, by its terms, inure to the benefit of any successors or assigns of Commercial Financial. One can conclude that this is precisely the reason why Appellant sought to obtain its own charging order, until the Appellee/Debtor's bankruptcy filing stopped it. Furthermore, when the funds were being sent to Morneau & Murphy pursuant to the terms of the order and the checks were not being cashed, this resulted in an implied waiver of the rights under the charging order in favor of Commercial Financial, and Appellant is estopped from attempting to enforce the same some ten (10) years later.[4]

In *In re Mason* 153 B.R. 8 (Bankr. D.R.I. 1993), this Court, in following its earlier case of *In re Nunally*, 103 B.R. 376 (Bankr. D.R.I. 1989) stated that even garnished funds remain property of the debtor until a *valid* charging order is entered by an appropriate state court. *In re Mason* 153 B.R. 8, 9 (Bankr. D.R.I. 1993) (emphasis supplied). In *Nunally*, this Court held that

[4] Cadle might argue that the reason the Morneau & Murphy law firm ceased accepting the checks from the garnishee was because by that time, the assignment to Cadle had been executed and it was no longer Commercial Financial's claim to collect. But if that were true, then it was incumbent upon Cadle to get a new charging order because the only one that existed ran only and exclusively in favor of Commercial Financial. One can conclude that Cadle knew this and therefore sought to get its own charging order in November, 2006 (see JPTO Exhibit 7).

garnished funds are owned by the debtor until the Court orders the funds paid over. *In re Nunally*, 103 B.R. at 377. As in *Nunally* and *Mason*, the debtor here still owns the funds because Cadle does not possess a proper and valid state court order in its favor. The Superior Court order upon which Appellant relies does not help it, nor does the assignment.

**5.**

**There is no lien or attachment against the escrow account**.

The escrow account established by the Appellee/Debtor's employer E. S. Products and which held the deposited withheld wages, was not established by any court order, but out of an abundance of caution (after the Morneau & Murphy firm stopped accepting its checks). The account is not subject to any liens or attachments of any kind. The funds in that account, clearly traceable to the Appellee/Debtor's withheld wages, belong to her estate.

**6.**

**Any garnishment of funds or wages within 90 days of the bankruptcy filing constitute an avoidable preferential transfer.**

The Appellee/Debtor received a monthly paycheck, at the end of the month.

The Appellee/Debtor filed her bankruptcy petition on December 19, 2006.

From September 19, 2006 - December 19, 2006, the Appellee/Debtor received three paychecks, one on September 30, 2006, one on October 31, 2006 and one on November 30, 2006. From each of those paychecks, the employer withheld $700, for a total withheld of

$2,100.

If this Court were to rule in favor of Appellant, then any garnishment of wages effectuated within the 90 days prior to the bankruptcy filing would constitute avoidable preferential payments or transfers under 11 U.S.C.§547(b), because said payments would allow Appellant (as a creditor) to receive a payment on account of an antecedent debt (purportedly a 1996 judgment); at a time when the Appellee/Debtor was insolvent (see the bankruptcy schedules - which show insolvency); and would allow Appellant (as an unsecured creditor) to receive more than it would under a chapter 7 liquidation analysis (there is a priority income tax claim under 11 U.S.C.§507).

Therefore, even if this Court were to determine that Appellant has a valid and effective attachment of the wages set aside in the employer's escrow account, then any garnishment of said wages that occurred within 90 days of the bankruptcy filing (that is, $2,100) would be avoidable as a preferential transfer.

**7.**

**Any Lien or Attachment that Appellant alleges to have is avoidable under 11 U.S.C.§522(f) to the extent of the Appellee/Debtor's valid exemption under 11 U.S.C.§522(d)(5).**

Appellant claims to have a valid judicial lien on the Appellee/Debtor's wages pursuant to an assignment of order. A judicial lien is avoidable under 11 U.S.C.§522(f) to the extent that

such lien impairs the Appellee/Debtor's exemption in such property.

If this Court finds that Appellant has a lien on the escrow account, then that lien impairs the Appellee/Debtor's allowable exemption up to the amount of $3,925.

## Conclusion

As set forth above, the pertinent facts are not disputed and this appeal regards solely questions of law. For the reasons set forth herein, the appeal must be denied and the May 30, 2007 Bankruptcy Court order denying the Appellant's objection to exemption should be affirmed.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a):

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style requirements

1. This brief complies with the type-volume Limitation of Fed. R. App. P. 32(a)(7)(B) because :

☐ this brief contains [ ] words, excluding the parts of the brief exempted

by Fed. R. App. P. 32(a)(7(B)(iii), or

XX☐ this brief uses a monospaced typeface and contains [**342 number lines of text, excluding the parts of the brief exempted by Fed.R.App.P.32(a)(7)(B)(iii)**].

2. This brief complies with typeface requirements of Fed. R.App.P.32(a)(5) and the type style requirements of Fed. R. App.32(a)(6) because:

☐ this brief has been prepared in a proportionally spaced typeface using [**state name and version of word procession program**] in [**state font size and name of type** style], or

X☐ this brief has been prepared in a monospaced typeface using [**Word Perfect 9.0 program**] with [**12 characters per inch in Times Roman type style**].

/s/ Charles A. Pisaturo, Jr.

Attorney for Debtor/Appellee Rita Callhan

Dated: August 16, 2007

Respectfully submitted,

Appellee,
STACY B. FERRARA, CH. 7 TRUSTEE
By her attorney,

Date: August 16, 2007

/s/ Stacy B. Ferrara
STACY B. FERRARA, TRUSTEE (#4344)
505 Tiogue Avenue, Suite B

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

Coventry, RI 02903
Tel.: (401) 823-7991
Fax: (401) 823-4040

Appellee, Rita Callahan, by her attorney,

Date: August 16, 2007

/s/Charles A. Pisaturo, Jr.
CHARLES A. PISATURO, JR. (# 4615)
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL: (401) 274-3800
FAX: (401) 751-6786

**CERTIFICATE OF SERVICE**

Leonard J. DePasquale, Esq. (ECF)
Assistant United States Trustee
United States Trustee's Office
10 Dorrance Street, Suite 910
Providence, RI 02903
leonard.j.depasquale@usdoj.gov

Stacy B. Ferrara, Esq. (ECF)
Law Office of Stacy Bettez Ferrara
505 Tiogue Avenue, Suite B
Coventry, RI 02816
stacyferrara@earthlink.net

William J. Delaney, Esq. (ECF)
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903
wdelaney@tlslaw.com

I hereby certify that on the 16TH day of August, 2007, I served by electronic filing (ECF),

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

BRIEF OF APPELLEES

a true copy of the **BRIEF OF APPELLEES** to the above named.

/s/Patrice A. Moone
Patrice A. Moone

c:\clients\callahan rita\pleadings\Memo Law.wpd