**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE CADLE COMPANY**
**Appellant**

**vs.**

**RITA CALLAHAN and STACY B. FERRARA, TRUSTEE**
**Appellees**

**C.A. 07-206ML**

**ON APPEAL** From The United States Bankruptcy Court For The District of Rhode Island

# APPELLANT'S REPLY BRIEF

NOW COMES the Appellant in the above-captioned matter, and hereby furnishes this Court with its reply brief to the brief of the Appellees dated August 16, 2007 (the "Appellees Brief").

The Appellant appreciates the opportunity extended by this Court to review the Appellees Brief, research the points presented therein and preparing and filing this reply brief (the "Reply Brief").

However, and in the interest of judicial economy, the Appellant firmly believes that the Reply Brief be brief; the Appellees Brief does not break new ground on Rhode Island Law to persuade this Court to rule other than that the charging order (the "Changing Order") entered by the Rhode Island Superior Court (the "Superior Court") operated to divest any interest of the

Appellee Debtor to any wages garnished by her employer subsequent to the entry of the Charging Order (the "Escrowed Funds"). If this Court agrees with the conclusion set forth in the preceding sentence, then this Court must come to the conclusion that the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") was incorrect in its order which forms the basis of the instant appeal. The Appellee Debtor did not take any action in which to seek relief from either the judgment entered by the Superior Court or the Charging Order. Therefore, the Escrowed Funds collected pursuant to the Charging Order, under Rhode Island law, was not property of the Appellee Debtor's bankruptcy estate on the date the Appellee Debtor filed her voluntary Chapter 7 Petition with the Bankruptcy Court. See, in Re Mason, 153 B.R. (Bankr. D.R.I. 1993); In Re Nunally, 103 B.R. 376 (Bankr. D.R.I. 1989).

Respectfully, try as they might, the Appellees argument to this Court in the Appellees Brief that the Escrowed Funds constituted a portion of the Appellee Debtor's bankruptcy estate on the day she filed her voluntary Chapter 7 Petition remains inconsistent with Rhode Island case law. If this Court does not agree with the contention set forth in the Appellants Brief nor within this Reply Brief, then, this Court must conclude, as a matter of law, that the Escrowed Funds are included in the Appellee Debtors bankruptcy estate under 11 U.S.C. §541. Based upon the arguments set forth in the Appellant's Brief, and Rhode Island case law, respectfully, this Court cannot come to that conclusion. The Bankruptcy Court cannot vacate the Charging Order. The Appellee Debtor did not do anything to vacate the Superior Court orders. And the Appellee Trustee simply standds in the shoes of the Appellee Debtor and has no superior remedies.

Therefore, in light of the foregoing, the Appellant respectfully request that this Court reverse the Bankruptcy Court's order and immediately cause to be released of any and all monies constituting the Escrowed Funds in the possession, custody and control of the Appellee Trustee

to the Appellant forthwith.

Respectfully Submitted,
APPELLANT
By its Attorneys,

\s\William J. Delaney
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1225; Fax: (401) 456-1210
wdelaney@tllaw.com

Dated: September 5, 2007

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

______Certificate of Compliance with Type-Volume Limitation,

Typeface Requirements, and Type Style requirements

1. This Reply Brief complies with the type-volume Limitation of Fed. R. App. P. 32(a)(7)(B) because this brief uses a monospaced typeface and contains 97 lines of text.

2. This Reply Brief complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a monospaced typeface using the WordPerfect 9.0 program with 12 characters per inch in Times Roman type style.

CERTIFICATION

I hereby certify that on this 5th day of September, 2007, a true and accurate copy of the within was filed electronically with this Court and to the following using the CM/ECF System: Stacy B. Ferrara, Esq. and Charles A. Pisaturo, Jr., Esq.

/s/ William J. Delaney