UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

The Cadle Company

Appellant

vs. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)

Appellees

Appeal from Order of The United States Bankruptcy Court for the District of Rhode Island entered May 30, 2007

# REPLY BRIEF OF APPELLEES

Appellee,
STACY B. FERRARA, CH. 7 TRUSTEE
By her attorney,

STACY B. FERRARA, TRUSTEE (#4344)
505 Tiogue Avenue, Suite B
Coventry, RI 02903
Tel.: (401) 823-7991
Fax: (401) 823-4040

Appellee, Rita Callahan,
By her attorney,

CHARLES A. PISATURO, JR. (# 4615)
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL: (401) 274-3800
FAX: (401) 751-6786

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

The Cadle Company

Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)

Appellees

REPLY BRIEF OF APPELLEES

TABLE OF CONTENTS:


| | | |
|---|---|---|
| Table of Authorities | p. | 3 |
| Argument | p. | 3-10 |
| Conclusion | p. | 10 |
| Certificate of Compliance | p. | 11 |

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

TABLE OF AUTHORITIES:


*Berkowitz v. Haigood*, 256 N.J. Super. 342, 606 A.2d 1157, 1159 (N.J. Super. L. 1992) - p. 6

*Flanders & Medeiros, Inc. v. Elizabeth v. Bogosian* , 868 F.Supp 412, 420 (1994) - p. 6

*Herzog v. Irace*, 594 A.2d 1106, 1108 (Me 1991) - p. 6

*In re Apex Oil Co.*, 975 F.2d 1365, 1369 (8th Cir 1992) - p. 6

*In re Mason* 153 B.R. 8 (Bankr. D.R.I. 1993) - p. 9

*In re Nunally*, 103 B.R. 376 (Bankr. D.R.I. 1989) - p. 9, 10

*Rathbone v. Ward*, 268 Ga.App. 822,603 S.E. 2d 20 (2004) - p. *7*

11 U.S.C. §541(a)(1) pp. 3, 4, 5, 10

*Am Jur.2d Bankruptcy §1236* p. 4

*Am Jur.2d Judgments §459*- p. 6

*Am Jur. 2d Judgments* §435- p. 7


ARGUMENT:

1.

**The escrow account constitutes property of the bankruptcy estate pursuant to 11 U.S.C. §541(a)(1) as at the time of the bankruptcy filing, the Debtor had, in the very least, equitable title to the escrow account voluntarily established by Appellee/Debtor's employer after garnished funds were rejected by counsel of record.**

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

Appellant argues that the escrow account voluntarily established by the Appellee/Debtor's employer after the Debtor's wages were garnished and refused by the attorney of record for the state Superior Court judgment holder, is not property of the Appellee/Debtor's bankruptcy estate pursuant to 11 U.S.C. §541(a)(1). Appellant argues that the Debtor held no interest in the account at the time she filed bankruptcy. This statement is legally and factually untrue.

11 U.S.C. §541(a)(1) states in pertinent part:

> (a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case.

The estate created upon filing is a collection of property rights, both tangible and intangible, and allows a trustee to regain possession of property in which the debtor has equitable as well as legal title. *Am. Jur.2d Bankruptcy* §1236. The trustee succeeds only to title and rights in property that a debtor had and takes the property subject to the same restriction that existed at the time the debtor filed bankruptcy. Id. To determine the extent of an estate's interest in property, a court must look to property rights defined under state law. Id.

It is uncontested that at the time of the bankruptcy filing, the Appellee/Debtor's employer was holding in excess of $52,000.00 withheld from (and traceable to) the Debtor's wages from

2001 through the date of filing in 2006. See JPTO ¶ 16. The parties also stipulated that the Debtor's employer had previously remitted garnished wages to the office of Morneau and Murphy, attorneys for the original judgment holder, as ordered by the Superior Court, but that office stopped cashing the checks. See JPTO ¶ 16. At that time, the Appellee/Debtor's employer voluntarily established its own escrow account to hold the garnished funds, as it was unsure as to whom the funds should be paid. See: JPTO ¶ 13. Appellees submit that as soon as the checks remitted to counsel as directed by the Superior Court charging order were stale and never cashed, the Debtor had, in the very least, an equitable interest in the funds, and pursuant to 11 U.S.C. §541(a)(1), the escorted funds constitute property of the Debtor's bankruptcy estate.

2. **The escorted funds are property of the Debtor's bankruptcy estate as the Appellant has failed to show that it is the holder of a valid Judgment as the "Assignment of Order" is invalid on its face.**

Appellant submits that it has the right to the garnished funds being held by Debtor's employer by virtue of the "Assignment of Order" assigning rights to that "certain Order entered on October 2, 1996 and rendered against Defendant Rita C. Callahan in the amount of $45,324.20." See: JPTO ¶ 10. The Order refers to Commercial Financial's motion for summary judgment, and stated that judgment *would enter* on two separate note obligations, one for $45,324.20 and one for $405,579.98 (plus costs, etc.) (emphasis supplied). Although the Order refers to two (2) separate promissory note obligations, judgment was to enter forthwith.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

Thereafter, only a single judgment for a total of *$450,904.18* (the total of the two (2) note obligations), plus attorneys fees and interest, was entered on October 2, 1996, *not for $45,324.20* as recited in the Assignment of Order. See JPTO Exhibit 2. Once the promissory notes were reduced to a single judgment, the notes were extinguished and the Appellee/Debtor then became obligated on the judgment. See: *Am Jur.2d Judgments* §459.

The Rhode Island Supreme Court has held that an assignment is invalid if the subject matter of the assignment is not identifiable. See, *Flanders & Medeiros, Inc. v. Elizabeth v. Bogosian* , 868 F.Supp 412, 420 (1994), citing *In re Apex Oil Co.*, 975 F.2d 1365, 1369 (8th Cir 1992); *Herzog v. Irace*, 594 A.2d 1106, 1108 (Me 1991), citing *Berkowitz v. Haigood*, 256 N.J. Super. 342, 606 A.2d 1157, 1159 (N.J. Super. L. 1992). In the case at bar, Appellant must submit that it is the holder of a valid Judgment in order to attach the Debtor's wages. Appellant purports to be the holder of only a portion of the Judgment which entered in excess of $450,000.00. However, the Assignment of Order references only a balance of $45,324.20. The Assignment of Order is unclear, and thus invalid as a matter of law.

In an effort to argue that it has the right to the escorted funds, the Appellant must argue that the Assignment of Order operates to bifurcate the Judgment which entered as to two (2) separate promissory note obligations. Appellees submits that once the Judgment entered, Appellee could not then bifurcate the judgment, and then assign a "piece" of it to Appellant,

particularly without any notice to or consent of the Debtor, and without notice or permission from the Superior Court. To permit such an assignment without notice to or consent of the Debtor, would create confusion as to the ability of both Judgment holders to collect their respective debts. If the assignment is deemed valid, then who is entitled to the funds being attached from the Appellee/Debtor's pay, the alleged assignee of which portion of the judgment?

While Appellees acknowledge that judgments can properly be assigned as a matter of law, Appellees submit that where an assignment conveys only a portion of a debt or judgment, it is not enforceable unless the debtor or defendant has consented thereto. *Am Jur. 2d Judgments* §435, citing *Rathbone v. Ward*, 268 Ga.App. 822,603 S.E. 2d 20 (2004). In *Rathbone*, the Georgia Court reasoned that a judgment creditor should not be allowed to split a single claim into many claims thereby subjecting the debtor to a multiplicity of suits without the consent of the defendant as to do so would be prejudicial.

Appellant is not entitled to the escorted funds as it failed to take the necessary steps to obtain title to a portion of the Judgment which entered. As such, the escorted funds remain property of the Debtor's bankruptcy estate.

3. **Absent a new order authorizing the attachment of the Debtor's wages, the Appellant has no right to the escorted funds**

The Appellee acknowledges that the Debtor's wages were attached by the law office of Morneau and Murphy, and the Debtor's employer withheld wages as ordered by the Superior

Court entered after the entry of Judgment in 1996. See: JPTO ¶6,7,12. However, the Appellant has overlooked the fact that the Motion to Attach Wages which was granted by the Superior Court was in favor of the holder of the Judgment, Commercial Financial/SPC Acquisitions, Inc, prior to the Assignment of Order which was executed some three (3) years later. If this Court finds that Appellant is, in fact, the valid holder of a only a portion of the Judgement, why would Appellant have a greater right to the escorted funds than that of the holder of the remaining portion of the Judgment? Appellant should have filed a new Motion to Attach wages after the receipt of the Assignment of Order, with proper notice to the Debtor. This is the only means by which the Appellant would have a right to any garnished wages. Because Appellant sat on its rights for almost seven (7) years and did not file a single motion with the Superior Court until late 2006, then attempting to attach the wages of the Debtor, the escrow funds remain property of the debtor's bankruptcy estate, and should be turned over to the trustee for payment to creditors.[1]

**4. Because the Appellant failed to obtain a valid charging order from the Superior Court as to the escorted funds, said funds remaining property of the bankruptcy estate.**

Assuming this Court finds that Appellant is the holder of a valid Judgment, and holder of

[1] In fact, the Appellant Cadle Company presumably acknowledged that it had to obtain its own attachment and charging order, because Appellant filed its own Motion to Attach Wages in February, 2006 and filed its own Motion to Charge Garnishee in November, 2006. Both of those motions were stayed when the Appellee/Debtor filed her bankruptcy.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

an order to attach the Debtor's wages, despite the fact that the payment of the Debtor's garnished wages had been rejected by counsel of record, this Court must find that at the time of the Debtor's bankruptcy filing, the Appellant is the holder of a valid charging in order to hold that the escorted funds are not property of the bankruptcy estate. Appellant has failed to show that at the time of the Debtor's bankruptcy filing, it was the holder of a valid charging order. The only charging order charges the Debtor's employer and orders that the garnished wages be remitted to counsel for Commercial Financial, not Appellant or its counsel. (The parties have stipulated that the Debtor's employer remitted funds to counsel of record, and said checks were never cashed.) See: JPTO ¶ 16. Furthermore, if Appellant had a valid charging order at the time of the bankruptcy filing, it would not have filed a new motion to charge the garnishee immediately prior to the Debtor's bankruptcy filing.

The United States Bankruptcy Court for the District of Rhode Island has previously held that garnished funds are owned by the debtor until the Court orders the funds paid over. *In re Nunally*, 103 B.R. 376 (Bankr. D.R.I. 1989). Several years later, the Bankruptcy Court went on to hold that even garnished funds remain property of the debtor until a *valid* charging order is entered by an appropriate state court. In *In re Mason* 153 B.R. 8 (Bankr. D.R.I. 1993). In the case at bar, Appellee submits that at the time of the bankruptcy filing, the Appellant did not hold a charging order of any kind, valid or invalid. The only charging order entered in the Superior

Court was entered in favor of Commercial Financial, not Appellant, and ordered that funds be remitted to Gini Spaziano at Morneau & Murphy. It is undisputed that the checks sent to the Office of Morneau & Murphy from March 2000 through March 2001 were never cashed. (See: JPTO ¶12). The Debtor's wages were garnished for another five (5) years, and the Appellant never obtained and valid charging order in its favor. Absent a valid charging order, the escrow funds constitute property of the bankruptcy estate pursuant to the holding in both *In re Nunally* and *In re Mason,* and must be turned over to the trustee for payment to creditors.

**Conclusion:**

For the aforementioned reasons, the Debtor had, in the very least, an equitable interest in the escrow account at the time of her bankruptcy filing. Appellant has failed to show 1) that it is the holder of a valid and enforceable judgment, 2) that is is the holder of an order approving the attachment of the Debtor's wages, 3) that it is the holder of a valid charging order, and 4) that it has not waived its rights to the escorted funds. As such, the escorted funds in question remain property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §541(a)(1), and should be turned over to the Chapter 7 trustee for payment to all creditors.

CERTIFICATE OF COMPLIANCE WITH RULE 32(a):

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style requirements

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

1. This brief complies with the type-volume Limitation of Fed. R. App. P. 32(a)(7)(B) because :

☐ this brief contains [ ] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7(B)(iii), or

X☐ this brief uses a monospaced typeface and contains [ **118 number of lines of text, excluding the parts of the brief exempted by Fed.R.App.P.32(a)(7)(B)(iii)**].

2. This brief complies with typeface requirements of Fed. R.App.P.32(a)(5) and the type style requirements of Fed. R. App.32(a)(6) because:

☐ this brief has been prepared in a proportionally spaced typeface using [**state name and version of word procession program**] in [**state font size and name of type** style], or

X☐ this brief has been prepared in a monospaced typeface using [**Word Perfect 9.0 program**] with [**12 characters per inch in Times Roman type style**].

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

(s)________________________________
Attorney for ________________________
Dated: ____________________________

Respectfully submitted,

Appellee,
STACY B. FERRARA, CH. 7 TRUSTEE
By her attorney,

Date: September 5, 2007

/s/ Stacy B. Ferrara
STACY B. FERRARA, TRUSTEE (#4344)
505 Tiogue Avenue, Suite B
Coventry, RI 02903
Tel.: (401) 823-7991
Fax: (401) 823-4040

Appellee, Rita Callahan, by her attorney,

Date: September 5, 2007

/s/Charles A. Pisaturo, Jr.
CHARLES A. PISATURO, JR. (# 4615)
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL: (401) 274-3800
FAX: (401) 751-6786

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

REPLY BRIEF OF APPELLEES

**CERTIFICATE OF SERVICE**

Leonard J. DePasquale, Esq. (ECF)
Assistant United States Trustee
United States Trustee's Office
10 Dorrance Street, Suite 910
Providence, RI 02903
leonard.j.depasquale@usdoj.gov

Stacy B. Ferrara, Esq. (ECF)
Law Office of Stacy Bettez Ferrara
505 Tiogue Avenue, Suite B
Coventry, RI 02816
stacyferrara@earthlink.net

William J. Delaney, Esq. (ECF)
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903
wdelaney@tlslaw.com

I hereby certify that on the 5th day of September, 2007, I served by electronic filing (ECF), a true copy of the **REPLY BRIEF OF APPELLEES** to the above named.

/s/Patrice A. Moone
Patrice A. Moone