**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE CADLE COMPANY,**
**APPELLANT**

**v.** **C.A. No. 07-206ML**

**RITA CALLAHAN and**
**STACY B. FERRARA, TRUSTEE**

**APPELLEES**

**SUBMISSION OF AFFIDAVIT OF**
**CAROLINE B. BENEDIKTSON BY APPELLANT**
**TO COMPLY WITH COURT ORDER**

Now comes the Appellant in the above-captioned matter, and pursuant to an Order of this Court at oral argument on October 19, 2007, hereby furnishes as Exhibit A the Affidavit of Caroline B. Benediktson (the "Affidavit").

This Court had requested the Appellant to provide certain information concerning the particulars of the bankruptcy of Commercial Financial Services, Inc., which company was involved as servicer of the judgment of the Appellant's predecessor-in-interest (the "Judgment") ("Commercial"). The Affidavit clearly delineates that the Appellant was the assignee of the interest in the Judgment from a non-bankrupt entity and that Commercial never held an interest in the Judgment.

The Appellant submits to this Court that the documents referenced in the Affidavit (the "Documents") have been previously furnished to the Appellees, by and through their counsel, but have never been filed with the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court"), insofar as the Bankruptcy Court never required their filing.

The Appellant is available to address any inquiries of this Court should events so warrant relative to the facts stated in the Affidavit or for any other matters related to the Appellant's appeal. Further, the Appellant is able to immediately furnish this Court with a set of the Documents if so requested.

Respectfully submitted,
APPELLANT
By its Attorneys,

/s/ William J. Delaney

William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (FAX)
wdelaney@rc-legal.com

Dated: November 2, 2007

CERTIFICATION

I hereby certify that on this 2nd day of November, 2007, a true and accurate copy of the within was filed electronically with this Court and to the following using the CM/ECF System: Stacy B. Ferrara, Esq. and Charles A. Pisaturo, Jr., Esq.

/s/ William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;454295;1

EXHIBIT A

CAROLINE BENEDIKTSON declares as follows:

1. I reside at 1569 Swan Drive, Tulsa, Oklahoma.

2. I am currently, and have been since 1982, a licensed attorney in the State of Oklahoma. I am also a licensed attorney, although currently inactive, in the States of California (1977) and Texas (1981).

3. I was a Vice President and the General Counsel of Commercial Financial Services, Inc. ("CFS") and its affiliates, including Commercial Financial/SPC Acquisitions, Inc. (Acquisitions, Inc.), from August 1, 1994 through December 11, 1998. From December 11, 1998 through September 14, 2001, I continued to be a Vice President of CFS and its affiliates, including Acquisitions, Inc. and T.A.P.R. III Limited Partnership (formerly known as T.A.P.R. Limited Partnership). From December 11, 1998 to the present, I have been and continue to be an attorney for CFS and its affiliates, including Acquisitions, Inc. and T.A.P.R. III Limited Partnership (formerly known as T.A.P.R. Limited Partnership).

4. The ownership interest held by Acquisitions, Inc. in certain receivables, including that of Rita Callahan (the "Callahan Receivable"), was transferred by Acquisitions, Inc., or the ownership changed, as follows:

(a) Acquisitions, Inc. transferred the Callahan Receivable to T.A.P.R. Limited Partnership by Contribution and Sale Agreement dated May 31, 1995, a copy of which has been previously submitted to all counsel.

(b) Pursuant to Section 7.1 of the Trust Agreement dated May 31, 1995, a copy of which has been previously submitted to all counsel, T.A.P.R. Limited

Partnership transferred the Callahan Receivable to Securitized Multiple Asset Rated Trust 1995-1 ("SMART 95-1").

(c) The name of T.A.P.R. Limited Partnership was changed to T.A.P.R. III Limited Partnership pursuant to the Amended and Restated Certificate of Limited Partnership of T.A.P.R. Limited Partnership dated March 19, 1996, a copy of which has been previously submitted to all counsel.

(d) On March 26, 1996, pursuant to an Amended and Restated Contribution and Sale Agreement, a copy of which has been previously submitted to all counsel, and an Amended and Restated Trust Agreement, a copy of which has been previously submitted to all counsel, the name of SMART 95-1 was changed to Securitized Multiple Asset Rated Trust 1996-1 ("SMART 1996-1") and SMART 1996-1 owned the Callahan Receivable.

(e) By letter agreements dated April 25, 1997, true and correct copies of which have been previously submitted to all counsel, T.A.P.R. III Limited Partnership purchased the certificates owned by the holders of SMART 1996-1. Because it was not being used, SMART 1996-1 was cancelled by the new holder, T.A.P.R. III Limited Partnership. A true and correct copy of the Certificate of Cancellation has been previously submitted to all counsel. As a result, the Callahan Receivable and judgment was owned by T.A.P.R. III Limited Partnership.

(f) Pursuant to the Financial Assets Sale Agreement dated July 27, 1999, a copy of which has been previously submitted to all counsel, T.A.P.R. III Limited Partnership sold the Callahan Receivable and judgment to The Cadle Company.

(g) By Assignment dated November 12, 1999, and effective July 27, 1999, a copy of which has been previously submitted to all counsel, T.A.P.R. III Limited Partnership transferred, assigned and conveyed to The Cadle Company, all of its right, title, interest, powers and options in, to and under the Order and judgment dated October 2, 1996, a copy of which has been previously submitted to all counsel.

The transfers listed above included assets which were conveyed in packages, and the referenced documents evidence transfer of title to the assets which were subject to the agreements. The documentation generally did not include individual assignments of receivables included in the asset packages and Section 2.1 of the Contribution and Sale Agreement dated May 31, 1995 to TAPR specifically provides that sellers sell by execution of the Contribution and Sale Agreement and "without any formal or other instrument of assignment".

5. I have first hand knowledge of the transactions described above as an officer of CFS and of Commercial Financial/SPC Acquisitions, Inc., the general partner of T.A.P.R. III Limited Partnership, and because I coordinated the documenting and closing of the transactions. Additionally, I signed the July 27, 1999 Financial Asset Sale Agreement between T.A.P.R. III Limited Partnership and The Cadle Company, and the Assignment of Order dated November 12, 1999, as the Vice President of Commercial Financial/SPC Acquisitions, Inc., the general partner of T.A.P.R. III Limited Partnership. I also have first-hand knowledge that it was the intent of the parties to the various conveyances to transfer all interest in and good title to the assets which were included in each transaction, including the Callahan Receivable and judgment.

6. Commercial Financial/SPC Acquisitions, Inc., T.A.P.R. III Limited Partnership (formerly known as T.A.P.R. Limited Partnership) and SMART 1996-1 (and Norwest Bank Minnesota N.A. as its trustee) presently have no interest in or claim to the Callahan Receivable and judgment because the Callahan Receivable and judgment were conveyed as outlined above. As a result of the July 27, 1999 sale to The Cadle Company, none of the CFS entities (CFS, Commercial Financial/SPC Acquisitions, Inc. and T.A.P.R. III Limited Partnership (fka T.A.P.R. Limited Partnership)), nor SMART 1995-1, nor SMART 1996-1 retained any interest in the assets sold including the Callahan Receivable and judgment. All ownership interest and title was transferred to The Cadle Company. I have never had nor currently hold an interest in The Cadle Company.

7. Commercial Financial/SPC Acquisitions, Inc. and T.A.P.R. III Limited Partnership were separate and distinct entities from Commercial Financial Services, Inc. Although Commercial Financial Services, Inc. filed a petition in bankruptcy in December, 1998, neither Commercial Financial/SPC Acquisitions, Inc., nor T.A.P.R. III Limited Partnership (formerly known as T.A.P.R. Limited Partnership) filed a petition in bankruptcy. T.A.P.R. III Limited Partnership was cancelled in May, 2003. The Certificate of Dissolution of Commercial Financial/SPC Acquisitions, Inc. was processed by the Secretary of State for the State of Oklahoma on July 10, 2003.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Caroline Benediktson

Dated: October 31, 2007

THE STATE OF OKLAHOMA

COUNTY OF TULSA

Before me, the undersigned authority, personally appeared Caroline Benediktsen, who, being by me duly sworn, deposed as stated above.

In witness whereof I have hereunto subscribed my name and affixed my official seal this 31st day of October, 2007

Ashley Carver
Notary

OFFICIAL SEAL
ASHLEY CARVER
NOTARY PUBLIC OKLAHOMA
TULSA COUNTY
COMM. EXP. 05-07-2011
COMM. NO. 07004468