UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

The Cadle Company

Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)

Appellees

APPELLEES' RESPONSE TO SUBMISSION OF AFFIDAVIT OF CAROLINE B. BENEDIKTSON

Appellees Stacy B. Ferrara in her capacity as Chapter 7 trustee for Rita Callahan (hereinafter, "Trustee") and Rita Callahan (hereinafter, "Callahan") hereby respond to Appellant, The Cadle Company's (hereinafter, "Cadle") Submission of Affidavit of Caroline B. Benediktson (hereinafter, the "Affidavit").

1. This appeal stems from an adverse Bankruptcy Court ruling against Cadle. Cadle asserts, *inter alia*, that it is a creditor of Callahan by virtue of an assigned Rhode Island Superior Court judgment against Callahan.

2. Respectfully, the Trustee and Callahan submit that from the start of this contested matter, they raised the issue of ownership of the Superior Court judgment and proper chain of title. Moreover, because the Trustee and Callahan believe that Cadle's predecessor in interest was a Chapter 11 Debtor in Possession in a bankruptcy case pending in Oklahoma at the time of the alleged assignment of the judgment to Cadle, the Trustee and Callahan raised the separate issue of whether Cadle's predecessor in interest had authority to assign the judgment to Cadle.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

APPELLEES' RESPONSE TO SUBMISSION OF AFFIDAVIT OF CAROLINE B. BENEDIKTSON

Cadle, for its part, never addressed these issues in the lower Court or in its briefs before this Court. Cadle filed the instant affidavit in response to this Court's query at the time this matter was scheduled for hearing before this Court.

3. In its submission, Cadle states that the documents referenced in the Affidavit "have been previously furnished to the Appellees", but were never filed in the Bankruptcy Court "insofar as the Bankruptcy Court never required their filing". The statement that the "Bankruptcy Court never required their filing" is somewhat misleading. As is customary in the Bankruptcy Court, that Court required that the parties file a "Joint Pretrial Order". R.I. LBR 9014-1(d). The Joint Pretrial Order affords both sides the opportunity to express the admitted facts, the disputed facts, the issues of law, and to submit evidence in the form of exhibits. Cadle failed and/or refused to even address the issue of title, chain of title, authority to assign or the issue of the bankruptcy of "Commercial Financial, Inc." While it is true that during the proceedings in the lower Court, counsel for Cadle provided counsel for Callahan and the Trustee with four inches (approximately) of documents, neither Cadle nor its counsel ever explained those documents, sought to admit any of them as evidence, and never sought to submit an affidavit as evidence nor to suggest any witnesses. Only now is Cadle submitting an Affidavit in which it refers to documents it says it already provided to counsel.

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

APPELLEES' RESPONSE TO SUBMISSION OF AFFIDAVIT OF CAROLINE B. BENEDIKTSON

4. The Trustee and Callahan further submit that the Affidavit raises more questions than it answers. Cadle asserts that "Commercial Financial Services, Inc. was the company involved as "servicer" of the judgment of (Cadle's) predecessor-in-interest (the "Judgment")." The Affidavit, specifically paragraph 4, references the transfer of the "Callahan Receivable." Yet neither the Affidavit nor any other evidence define the "Callahan Receivable". If the inference is that the "Callahan Receivable" is in fact the Superior Court judgment, then, as already briefed, the assignment is defective because the Assignment of Order only purports to assign a <u>portion</u> of the Judgment. It purports to assign "all right, title interest, powers and options in, to and under the certain Order entered on October 2, 1996 and rendered against Defendant Rita G. Callahan in the amount of $45,324.20, plus interest and costs..." To say that the "Judgment" was assigned to Cadle implies that the entire Judgment was assigned, when in fact, the assignment only refers to <u>a portion</u> of the Judgment. Cadle appears to only be asserting an interest in a <u>portion</u> of the Judgment, not the entire Judgment.

5. Paragraph 3 of the Affidavit indicates that the affiant "was a Vice President and the General Counsel of Commercial Financial Services, Inc.("CFS"), and its <u>affiliates</u>, including Commercial Financial/SPC Acquisitions, Inc." (emphasis added.) Later in the affidavit, in paragraph 7, the affiant indicates that "Commercial Financial/SPC Acquisitions, Inc. and T.A.R.P. III Limited Partnership were <u>separate and distinct</u> entities from Commercial Financial Services, Inc." which filed for bankruptcy

(emphasis added). The Trustee and Callahan question how the two companies can be "affiliates", but also "separate and distinct" at the same time.

6. Cadle has the burden of proof to show that its claim is valid, and the Trustee and Callahan assert that despite filing of this convoluted affidavit, Cadle has still fallen short of proving it claim.

WHEREFORE, for the foregoing reasons, the Trustee and Callahan respectfully submit that Cadle's appeal should be dismissed forthwith.

Respectfully submitted,
Appellee,
STACY B. FERRARA, CH. 7 TRUSTEE
By her attorney,

Date: November 13, 2007

/s/ Stacy B. Ferrara
STACY B. FERRARA, TRUSTEE (#4344)
505 Tiogue Avenue, Suite B
Coventry, RI 02903
Tel.: (401) 823-7991
Fax: (401) 823-4040

Appellee, Rita Callahan, by her attorney,

Date: November 13, 2007

/s/Charles A. Pisaturo, Jr.
CHARLES A. PISATURO, JR. (# 4615)
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI 02907
TEL: (401) 274-3800

The Cadle Company
Appellant

V. CA 07-206ML

Rita Callahan & Stacy B. Ferrara, in her capacity as chapter 7 trustee in bankruptcy for Rita Callahan (BK No. 06-11507)
Appellees

APPELLEES' RESPONSE TO SUBMISSION OF AFFIDAVIT OF CAROLINE B. BENEDIKTSON

FAX: (401) 751-6786

## CERTIFICATE OF SERVICE

Leonard J. DePasquale, Esq. (ECF)
Assistant United States Trustee
United States Trustee's Office
10 Dorrance Street, Suite 910
Providence, RI 02903
leonard.j.depasquale@usdoj.gov

Stacy B. Ferrara, Esq. (ECF)
Law Office of Stacy Bettez Ferrara
505 Tiogue Avenue, Suite B
Coventry, RI 02816
stacyferrara@earthlink.net

William J. Delaney, Esq. (ECF)
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903
wdelaney@tlslaw.com

I hereby certify that on the 13th day of November, 2007, I served by electronic filing (ECF), a true copy of the **APPELLEES' RESPONSE TO SUBMISSION OF AFFIDAVIT** to the above named.

/s/Patrice A. Moone
Patrice A. Moone