**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE CADLE COMPANY,**
**APPELLANT**

**v.** **C.A. No. 07-206ML**

**RITA CALLAHAN and**
**Stacy B. Ferrara, Trustee**

**APPELLEES**

**APPELLANT'S RESPONSE TO APPELLEES' RESPONSE TO SUBMISSION OF AFFADAVIT OF CAROLINE B. BENEDICKTSON AND REQUEST TO REMAND MATTER TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND AND MEMORANDUM IN SUPPORT THEREOF**

NOW COMES the Appellant in the above-captioned matter and in response to the Appellees' Response to Submission of Affidavit of Caroline B. Benedicktson, dated November 13, 2007 (the "Response"), hereby provides the following comments:

1. The posture of this appeal, from the outset, has centered on the decision of the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") 'rubber-stamping' the Appellees' pleadings, without making any Findings of Facts or Conclusions of Law. The parties in the proceeding before the Bankruptcy Court jointly elected to waive argument and file briefs (the "Briefs") with the expectation that the Bankruptcy Court, in its normal course, would either issue its decision, conduct a hearing with a pronouncement of its decision on the Briefs or, following a review of the Briefs, schedule a hearing with certain instructions, including, but not limited to preparing and presenting testimony. Of these three options, the Bankruptcy Court issued its decision, apparently on the Briefs.

At the most recent hearing before this Court, this Court, rather than hearing oral argument, ordered Appellant to furnish some sort of documentary evidence concerning the Appellant's standing to bring the instant appeal before this Court. In response, the Appellant filed the affidavit of Caroline B. Benedicktson and the Appellees filed the Response.

With all due respect to this Court, neither the Appellees nor the Bankruptcy Court ever ruled on the issue concerning the Appellant's standing. Respectfully, the assertions of the Appellees concerning the issue of the exhibits previously furnished them and included in the joint pre-trial order filed by the parties with the Bankruptcy Court provided it with the opportunity to request the Appellant to furnish greater detail as to its standing. But the Bankruptcy Court did not do so.

2. Based upon the foregoing, the Appellant respectfully requests that this Court consider remanding this matter to the Bankruptcy Court with a specific set of instructions to deal with the standing claim asserted by the Appellees. It is not the function of this Court, on appeal, to order the Appellants establish standing; that is within the purview of the Bankruptcy Court. The right of appellate review in bankruptcy proceedings is limited to 'persons aggrieved." In re San Juan Hotel, 809 F.2d 151 (1st Cir. 1987). It seems clear that the type of person who would have appellate standing is one whose "rights or interests are directly and adversely affected pecuniarily by the order of the bankruptcy court." 10 Collier on Bankruptcy ¶8001.05 (15th ed. Rev. 1997). Therefore, from an expediency as well as procedural perspective, the Appellant believes that the proper means by which to clarify the standing issue is remand. [1]

---

[1] On the issue of validity of the Appellant's claim, the Appellant would be remiss in failing to bring to this Court's attention the fact that apparently, prior to the commencement of the Appellee Debtor's case with the Bankruptcy Court, she, by and through her Counsel, contacted the Appellant in the attempt to negotiate a settlement of the funds

CONCLUSION

For the reasons set forth herein, the Response raises issues beyond the scope of this Appeal. The Appellant believes that the proper course of conduct at this juncture would be for this court to remand the proceedings to the Bankruptcy Court with the specific instruction to determine whether the Appellant has standing in the Appellee Debtor's case to bring to present arguments in, not only the Bankruptcy Court, but before this Court on appeal.

Respectfully submitted,
Appellant
By its Attorneys

/s/ William J. Delaney
William J. Delaney (#3643)
REAVIS CIANCIOLO LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (fax)
wdelaney@rc-legal.com
Dated: November 26, 2007

CERTIFICATION

I hereby certify that on this 26th day of November, 2007, a true and accurate copy of the within was filed electronically with this Court and to the following using the CM/ECF System: Stacy B. Ferrara, Esq., and Charles A. Pisaturo, Jr., Esq.

/s/ William J. Delaney

---

to avoid the filing of her case, which funds are the subject matter of the instant appeal. Query: if the Appellee Debtor continues to have concern over the validity and standing of the Appellant herein, then why did these direct negotiations with the Appellant continue up to and including the commencement of her bankruptcy case? Further, why was this point not disclosed in the Response or the Briefs? Respectfully, the Appellant has no response to this inquiry.