UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE CADLE COMPANY,
Appellant

v. C.A. NO. 07-206ML

RITA CALLAHAN and STACY B. FERRARA
in her capacity as Chapter 9 trustee in bankruptcy
for Rita Callahan (BK No. 06-11507),
Appellees.

MEMORANDUM AND ORDER

The Cadle Company ("Appellant") has appealed the Bankruptcy Court's denial of its objection to Rita Callahan's claim of exemption under 28 U.S.C.A. § 158(a)(1). For the reasons set forth below, Appellant's appeal is DENIED.

BACKGROUND

On October 2, 1996, the Rhode Island Superior Court entered two orders for summary judgment in favor of Commercial Financial / SPC Acquisitions, Inc. ("Commercial Financial") and against Callahan. (Joint Pre-Trial Order ¶ 4.) It is undisputed that the orders for summary judgment were entered on a demand note in the amount of $45,324.20 and on a term note in the amount of $405,579.98. The court entered a combined judgment in the amount of $450,904.18 in favor of Commercial Financial the same day. (Joint Pre-Trial Order ¶¶ 4, 5.) Commercial Financial then filed a motion to charge Callahan's employer. (Id. at ¶ 6.) On January 27, 1997, the Superior Court entered a Charging Order against the employer. (Order Granting Mot. to Charge.) Pursuant to that order, the employer sent garnished wages to Commercial Financial's

attorney until 2000, when the attorney stopped cashing the checks. (Joint Pre-Trial Order ¶¶ 7, 12.) Callahan's employer, however, continued garnishing Callahan's wages, but put the garnished wages into an escrow account created to safeguard the funds. (Id. at ¶ 13.) In a document signed November 12, 1999, Commercial Financial assigned all its "right, title, interest, powers and options in, to and under a certain Order entered on October 2, 1996 ... in the amount of $45,324.20" to Appellant effective July 27, 1999. (Id. at ¶¶ 10, 11.)

Callahan filed for bankruptcy on December 19, 2006. (Id. at ¶ 2.) As part of the bankruptcy estate, Callahan included the escrow account then containing $52,883.80 in garnished wages held by her employer. (Joint Pre-Trial Order ¶ 16; Amended Schedule B.) Pursuant to 11 U.S.C. § 522(d)(5), she claimed a partial exemption of $3,925.00 in the escrow account. (Joint Pre-Trial Order ¶ 17.) Appellant objected to Callahan's claimed exemption in the United States Bankruptcy Court for the District of Rhode Island on the ground that the funds in the escrow account were subject to the Rhode Island Superior Court Charging Order. (See id. at ¶ 18.) Due to the Charging Order, Appellant argues that the funds in the escrow account never belonged to Callahan. Moreover, the funds were not part of the bankruptcy estate because the Charging Order preceded Callahan's bankruptcy. Instead, Appellant contends that the right to collect the garnished funds had been assigned to Appellant by Commercial Financial. The Bankruptcy Court entered an order in favor of Callahan and the Chapter 7 trustee of the bankruptcy estate, essentially adopting the trustee's argument. (Order on Mot. / Application (doc #19) by Rule of Ct., May 30, 2007.) The trustee argued that the bankruptcy estate owned the escrow account because the Charging Order on which Appellant relied to prove its ownership of the escrow

account was invalid. (Trustee's Limited Objection to Debtor's Exemption.) Appellant now appeals the Bankruptcy Court's order.

## DISCUSSION

Only a "party in interest" may object to a claim by the debtor for an exemption in the bankruptcy estate. 11 U.S.C. § 522(l).[1] Except for providing a non-exhaustive list of parties in interest, i.e. "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee," the Bankruptcy Code nowhere defines "party in interest." 11 U.S.C. § 1109(b). The First Circuit has stated that a party in interest is "any entity whose pecuniary interests might be directly and adversely affected by the proposed action." Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Industries, Inc.), 43 F.3d 714, 720 (1st Cir. 1994).

Here, Appellant objects to Callahan's claim of exemption on the ground that Appellant, not the bankruptcy estate, owns the funds in the escrow account. Appellant bases its claim to the escrow account on the assignment from Commercial Financial in 1999. This assignment, however, did not assign the garnished funds but instead assigned all "its right, title, interest, powers and options in, to and under a certain Order entered on October 2, 1996 … in the amount of $45,324.20."[2] (See Joint Pre-Trial Order ¶ 10.) It is important to note that October 2, 1996 was the date the Rhode Island Superior Court entered the judgment, whereas the Charging Order

---

[1] "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l).

[2] It is unclear from the assignment whether Commercial Financial assigned Appellant the summary judgment for $45,324.20 or a portion of the combined judgment of $450,904.18. (See Joint Pre-Trial Order ¶¶ 4, 5, 10.)

was not entered until January 27, 1997. (Id. at ¶¶ 5, 6.) Moreover, the assignment was effective on July 27, 1999, two and half years after the Charging Order had been entered. (Id. at ¶¶ 6, 11.)

Without a valid charging order in its favor, Appellant has no claim to the money in the escrow account. Assignment of the judgment to Appellant is not tantamount to assignment of the Charging Order and the garnished funds. As the First Circuit noted, a "judgment represents only an adjudication of the debtor's liability on a monetary debt, not a transfer to the creditor of title to any particular item of the debtor's property." Dionne v. Bouley, 757 F.2d 1344, 1352 (1st Cir. 1985). Unless the Charging Order itself was assigned to Appellant or unless Appellant obtained a new charging order, Appellant has no right to funds in the escrow account.

Although Appellant made a motion for a new charging order in 2006, the Rhode Island Superior Court did not enter a new order on Appellant's behalf. (Joint Pre-Trial Order ¶ 15.) Soon afterwards, Callahan petitioned for bankruptcy, and the court did not hear the motion. (Id. at ¶¶ 2, 15.)

Without a cognizable legal right to the funds in the escrow account, Appellant is not a party in interest because Callahan's exemption in the escrow account funds does not adversely affect Appellant's pecuniary interests. See In re Savage Industries, Inc., 43 F.3d at 720. Accordingly, Appellant's appeal is denied and dismissed.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
United States District Judge
December 13, 2007